**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

March 5, 2026

**Via ECF**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *Patel. v. Almodovar,* No. 26 Civ. 1420 (DLC)

Dear Judge Cote:

        This Office represents the government in the above-referenced immigration habeas corpus action brought by petitioner Pankajkumar Mafatlal Patel ("Petitioner").  On February 19, 2026, the Court issued an opinion and order granting the habeas petition. ECF No. 9.  On February 23, 2026, Petitioner filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 11.  The Court issued an order directing the government to file a response, if any, to that motion by March 10, 2026, and for Petitioner to file a reply by March 17, 2026.  ECF No. 12.  On February 26, 2026, the Court entered judgment. ECF No. 13.  I write respectfully to request, with Petitioner's consent, that the Court hold briefing on Petitioner's fee motion in abeyance, as discussed further below.

        Petitioner's motion for attorney's fees is premature.  Under the EAJA, a party seeking a fee award must submit its application "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  A "final judgment" is "a judgment that is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  That provision has been interpreted to mean that the "EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991).  As a result, an EAJA application is premature where it is filed prior to entry of a "final judgment" for EAJA purposes. *See United States v. 27.09 Acres of Land,* 1 F.3d 107, 111 (2d Cir. 1993) ("The record on this appeal reflects neither entry of a final judgment, nor the docketing of a settlement order or any order terminating this action. . . . Thus, it appears that no 'final judgment' for EAJA purposes was ever entered in this action. The . . . EAJA application was therefore premature and the district court lacked jurisdiction to decide it."); *accord Joell v. Wormuth,* 24 CV 686, 2025 WL 2775915, at *5 (N.D.N.Y. Sept. 30, 2025) (holding that "in this Circuit, courts have found parties' EAJA applications made prior to entry of a final judgment to be premature" and citing cases).

        There is no "final judgment" for EAJA purposes in this case. The Court entered judgment on February 26, but that is not a "final judgment" for EAJA; the government has 60 days to file an appeal after entry of judgment, *i.e.,* until April 27, 2026.[1] *See* Fed. R. App. P. 4(a)(1)(B), (a)(7)(A).

---

[1] The Solicitor General of the United States determines whether to appeal cases on behalf of the federal government. *See* 28 C.F.R. § 0.20(b).

Until the appeal period expires—or until any appeal is resolved—there is no "final judgment" for EAJA purposes. As a result, Petitioner's motion for fees pursuant to EAJA is premature at this time, and the Court lacks jurisdiction to resolve it. *See 27.09 Acres of Land*, 1 F.3d at 111.

Accordingly, the government respectfully requests that briefing on Petitioner's motion for fees be held in abeyance until such time as there is a "final judgment" within the meaning of EAJA, *i.e.*, a "judgment that is final and not appealable." And to that end, the government proposes that the parties file a joint letter on April 28 to propose a briefing schedule on the motion, or otherwise a status update (in the event that the judgment is not final at that time). *See, e.g., Barco Mercado v. Francis*, 25 CV 6582 (LAK), ECF No. 31 (S.D.N.Y. Jan. 6, 2026) (granting parties' joint request to adjourn schedule on EAJA fees until after "final judgment"). As noted above, Petitioner consents to this request.

I thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/ Brandon M. Waterman*
BRANDON M. WATERMAN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2743
E-mail: brandon.waterman@usdoj.gov
*Attorney for Respondents*

cc:    Counsel of Record (by ECF)

2