```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
PANKAJKUMAR MAFATLAL PATEL,               :
                                          :
                                          :      26cv1420 (DLC)
                        Petitioner,       :
                                          :      MEMORANDUM
            -v-                           :      OPINION AND
                                          :        ORDER
JUDITH ALMODOVAR, et al.,                 :
                                          :
                                          :
                        Respondents.      :
                                          :
----------------------------------------- X
```

APPEARANCES:

For petitioner Pankajkumar Mafatlal Patel:

Michael Z. Goldman
Law Offices of Michael Z. Goldman
100 Church Street, Suite 800
New York, NY 10007

For respondents Judith Almodovar, et al.:

Brandon Matthew Waterman
U.S. Attorney's Office for the Southern District of New York
86 Chambers Street
New York, NY 10007

DENISE COTE, District Judge:

On February 19, 2026, the Court granted petitioner Pankajkumar Mafatlal Patel's petition for a writ of habeas corpus challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") under 28 U.S.C. § 2241.  On February 23, the petitioner filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A),

which the respondents have opposed.  For the following reasons, the motion is granted.

## Background

The facts and procedural history of this action are described in the February 19, 2026 Order granting the petitioner's habeas petition.  In brief, the petitioner was detained by ICE on February 19, 2026 and petitioned for release that same day.  After the respondents confirmed that they were detaining the petitioner pursuant to § 1225(b)(2)(A) and that a prior decision by this Court controlled the result in this petition, the Court ordered the petitioner's release.  The petitioner was released from ICE custody on the evening of February 19.

On February 23, the petitioner filed a motion for attorney's fees pursuant to the EAJA.  Respondents opposed on May 13.  The petitioner replied on May 14, and the motion became fully submitted.

## Discussion

The EAJA provides "access to justice by encouraging access to counsel."  Vincent v. Comm'r of Social Sec., 651 F.3d 299, 304 (2d Cir. 2011).  Under the statute, a court "shall" award a "prevailing party" reasonable fees incurred in a civil action against the United States "unless the court finds that the

2

position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).[1]  "[F]ees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." Id. § 2412(d)(2)(A).

The petitioner requests attorney's fees be awarded in the amount of $2,496.32.  This represents the 2.5 hours petitioner's counsel worked on the habeas petition and the 7 hours petitioner's counsel worked on the motion for attorney's fees, charged at an hourly rate of $262.77, pursuant to an increase in the cost of living since the EAJA became effective in 1996.[2]

It is undisputed that the petitioner is a prevailing party in this litigation, and the Government concedes that the fee amount requested is "patently" reasonable.  In opposition, the respondents raise two arguments to contend that a fee award here

---

[1] Petitions for a writ of habeas corpus challenging immigration detention are "civil actions" within the meaning of the EAJA. See Vacchio v. Ashcroft, 404 F.3d 663, 668 (2d Cir. 2005).

[2] The Supreme Court has explained that an EAJA fee award may encompass the time spent to prepare "a party's preparation of a fee application and its ensuing efforts to support that same application."  Commissioner, I.N.S. v. Jean, 496 U.S. 154, 161-62 (1990).

3

would be improper: first, that their position was "substantially justified," and second, that "special circumstances" would make a fee award unjust.

The respondents "bear[] the burden of showing that [their] position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" Ericksson v. Comm'r of Social Security, 557 F.3d 79, 81 (2d Cir. 2009) (quoting Pierce v. Underwood, 487 U.S. 552, 556 (1988)).  To do so, the respondents must show that both the underlying agency action "upon which the civil action is based" and "the [litigation] position taken by the United States in the civil action" to defend that agency action had a "reasonable basis in both law and fact."  Id. at 82 (citation omitted); see also 28 U.S.C. § 2412(d)(2)(D) (defining "position of the United States" to encompass both "the action or failure to act by the agency upon which the civil action is based" and "the position taken by the United States in the civil action").  The respondents have failed to meet this burden.

Critically, the respondents do not argue that ICE's actions in detaining the petitioner without any process, or its broader decision to change its long-settled practice and begin subjecting similarly situated noncitizens to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), were substantially justified.

4

After all, "for five Presidential administrations over nearly three decades, [the government] consistently release[d] detainees on bond [pursuant to Section 1226] whom the government now argues are covered by Section 1225(b)(2)(A)." Barbosa da Cunha v. Freden, 175 F.4th 61, 91 (2d Cir. 2026). And, "as of mid-February 2026," around the time the petition in this matter was filed, "over 370 district judges across the Nation [representing] over ninety percent of district court judges" determined that ICE's new practice was unconstitutional. Id. at 71. Respondents do not attempt to justify this new detention practice and, thus, have not carried their burden to show that the agency action "upon which [petitioner's] civil action is based" was substantially justified.

Although respondents do contend that their litigation position -- that petitioner was subject to mandatory detention under § 1225(b)(2)(A) and, thus, must be held during the removal process with no opportunity for release on bond -- was substantially justified, that argument is inapposite. In this case, the respondents did not seek to litigate the merits of their § 1225(b)(2)(A) argument. Instead, "to conserve judicial and party resources while expediting the Court's consideration of this case," respondents promptly acknowledged that a prior decision by this Court controlled the result in this petition

and, pursuant to this Court's February 19, 2026 Order, released the petitioner from ICE custody that same day.  That decision, which is to be commended, does not absolve the respondents of their obligation to pay the petitioner's attorney's fees.  The EAJA statute requires the Government to demonstrate not only that their litigation position was substantially justified, but also that their underlying action met that standard.  As a result, the Court does not find that a fee award would be improper on the basis that "the position of the United States was substantially justified."  28 U.S.C. § 2412(d)(1)(A).

Respondents' remaining argument opposing an EAJA fee award is that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  "The EAJA's 'special circumstances' exception is a 'safety valve' that gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made.'"  Vincent, 651 F.3d at 303 (quoting Scarborough v. Principi, 541 U.S. 401, 422-23 (2004)).  Special circumstances may exist when a prevailing party's "own misconduct created the circumstances that led to the litigation" or when that party's "contributions to the litigation's success were marginal."  Id. at 304 (citation omitted).

The Second Circuit has only spoken twice in published opinions on the question of what would constitute "special

6

circumstances [that] make an award unjust," and neither opinion is analogous here.  See Oguachuba v. INS, 706 F.2d 93, 99 (2d Cir. 1983) (affirmed finding of "special circumstance" in case where habeas petitioner "would not have been incarcerated in the first place but for his notorious and repeated violations of United States immigration law" and, thus, was "without clean hands"); United States v. 27.09 Acres of Land, 43 F.3d 769, 773 (2d Cir. 1994) (affirmed finding of "special circumstance" in case where "the claim of the prevailing parties rest[ed] largely on a result to which the claimant made no contribution").  The two opinions cited by respondents are out-of-circuit and similarly inapposite.  See Taylor v. United States, 815 F.2d 249, 253 (3d Cir. 1987) (affirmed finding of "special circumstance" where habeas petitioner "fled the country to avoid serving his sentence"); Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993) (no finding of any "special circumstance" at all).  In fact, even the one opinion upon which respondents rely that affirmed a "special circumstance" finding acknowledges that the "special circumstances" in which a court should deny an EAJA award to a prevailing party will be rare: "[t]hat few courts apparently have relied upon this exception to EAJA awards in denying fee applications is evidence that the

circumstances of a case will infrequently justify a denial of an award." Taylor, 815 F.2d at 253.

Respondents assert that because they "advanced a credible argument that 8 U.S.C. § 1225(b)(2)(A) applies to Petitioner," the Court should find a "special circumstance" and deny the fee motion. But the respondents (appropriately) made no such argument to this Court. In any event, this argument muddles the two exceptions to the EAJA. Respondents do not identify any authority, within or outside of this Circuit, in which a court found a "special circumstance" and denied EAJA fees on a similar ground. As a result, this Court does not identify any "special circumstances" that render a fee award improper in this matter.

## Conclusion

The petitioner's February 23, 2026 motion for attorney's fees is granted. The petitioner is awarded attorney's fees under the EAJA in the amount of $2,496.32.

Dated:    New York, New York
          June 8, 2026

DENISE COTE<br>
United States District Judge

8